UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WALTER STEWART, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:22-CV-203-RDP |
| THE BOARD OF TRUSTEES for the UNIVERSITY OF ALABAMA SYSTEM, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Partial Motion to Dismiss. (Doc. # 5). The motion is fully briefed (Docs. # 5, 16, 17) and ripe for review. For the reasons provided below, the motion is due to be granted.

**I.   Background**

Plaintiff is an African-American employed at the University of Alabama-Birmingham ("UAB") as a Director in the Veterans Services Department. (Doc. # 1 at 1). He alleges "that similarly situated white Directors within the University of Alabama System[1] receive $13,000.00 to $30,000.00 more per year than him in compensation." (*Id.* at 3) (footnote added). Plaintiff contends that the alleged pay disparity results from UAB "enforcing a corporate policy and practice that expressly and impliedly denies him pay equal to that of Caucasian employees." (*Id.* at 4).

Plaintiff further claims that "UAB allows an overwhelmingly Caucasian group of selectors to use an organization wide 'Performance Evaluation' process(es) for its compensation decisions to the detriment of its African-American employees." (*Id.*). He contends that UAB's process

---

[1] As further alleged in the complaint, the University of Alabama System includes the University of Alabama, the University of Alabama at Birmingham, and the University of Alabama at Huntsville. (Doc. # 1 at 1 n.1).

allows for "subjectivity and favoritism" because "decision-makers are free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for Caucasians to vent discriminatory feelings, whether conscious or unconscious, upon African-American employees." *(Id.)*.

Plaintiff asserts two counts: (1) "Race Discrimination in Violation of Title VII and 42 U.S.C. § 1981 (42 U.S.C. §1983)" and (2) "Disparate Impact Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964." (*Id.* at 5-7). And, in his prayer for relief, Plaintiff seeks a declaratory judgment, a permanent injunction, back pay, reinstatement or front pay, compensatory damages, punitive damages, and any other relief that justice may require. (*Id.* at 7-8).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Analysis**

In its partial motions to dismiss, Defendant presents four arguments. First, Defendant contends that it is entitled to Eleventh Amendment immunity as to the § 1981 cause of action within Count One. (Doc. # 5 at 4-8). Second, Defendant argues that Count Two (the disparate treatment claim) is due to be dismissed for failing to state a claim upon which relief can be granted. (*Id.* at 8-13). Third, Defendant states that, under 42 U.S.C. §1981a(b)(1), Plaintiff cannot recover punitive damages because Defendant is a government agency. (*Id.* at 13). Fourth, Defendant argues

that Plaintiff is not entitled to front pay or reinstatement because he remains employed in his position as UAB Director of Veteran Services. (*Id.* at 13-14).

In response, Plaintiff concedes arguments one, three, and four. (Doc. 16 at 1). Accordingly, Plaintiff's § 1981 claim is due to be dismissed as well as any claim for punitive damages, reinstatement, and front pay. But, Plaintiff maintains that he has sufficiently pleaded a disparate impact claim.[2] For the reasons discussed below, the court concludes that Plaintiff must replead this claim.

"To establish a prima facie case of disparate impact discrimination, a plaintiff must show (1) a significant statistical disparity among members of different racial groups; (2) a specific facially-neutral employment policy or practice; and (3) a causal nexus between that specific policy or practice and the statistical disparity." *Turner v. City of Auburn*, 361 F. App'x 62, 65 (11th Cir. 2010) (citing *Cooper v. Southern Co.*, 390 F.3d 695, 724 (11th Cir. 2004) *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006)); *see Baggett v. Rehau, Inc.*, 2008 WL 11344812, at *2 (N.D. Ala. Feb. 7, 2008) ("While the prima facie showing is an evidentiary standard and not pleading requirement in the context of a disparate impact claim a defendant will have "fair notice" of the claim only if the complaint identifies the policy that allegedly caused or causes the disparate impact.").

Here, the question is whether Plaintiff has sufficiently pleaded a specific facially-neutral employment policy or practice. *See Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 994 (1988) ("Especially in cases where an employer combines subjective criteria with the use of more rigid

---

[2] "[T]he central difference between disparate treatment and disparate impact claims is that disparate treatment requires a showing of discriminatory intent and disparate impact does not." *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1278 (11th Cir. 2000) (citing *In re Emp't Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1310 n.8 (11th Cir. 1999)). "[T]he two theories are not interchangeable, and 'courts must be careful to distinguish between them.'" *E.E.O.C. v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003)) (alteration omitted).

standardized rules or tests, the plaintiff is in our view responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities."); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 357 (2011) ("Other than the bare existence of delegated discretion, respondents have identified no 'specific employment practice.'"). Although Plaintiff need not label the policy at this stage of the litigation, he must sufficiently describe the policy. *Baggett*, 2008 WL 11344812, at *2.

The only policy that Plaintiff identifies in the complaint is "an organization wide 'Performance Evaluation' process(es) for its compensation decisions." (Doc. # 1 at 4). It is unclear from the face of the complaint if that is an actual policy or merely a placeholder that Plaintiff has assigned to a purported process. Further, there are puzzling inconsistencies seen when putting Plaintiff's factual allegations alongside his disparate impact cause of action. For example, while the factual allegations describe discrimination based on unequal pay, Plaintiff's disparate impact claim states that "Defendants [sic] allow an overwhelmingly Caucasian group of selectors to use a 'hazy' selection process for its employment decisions." (*Compare* Doc. # 1 3-4 *with* Doc. # 1 at 6). Therefore, the court concludes that Plaintiff has not sufficiently described the *specific* facially-neutral employment policy or practice. *See Forsyth v. Univ. of Alabama Bd. of Trustees*, 2018 WL 3012343, at *5 (N.D. Ala. June 15, 2018). Plaintiff's disparate impact claim is not sufficiently pleaded. Nevertheless, the court concludes it is appropriate to provide Plaintiff an opportunity to replead his disparate impact claim.

Also, and to be clear, Plaintiff must sufficiently plead a causal connection between the facially-neutral policy and the alleged disparate impact. That is, although Plaintiff does not have to present the statistical data at this stage of the litigation, he must sufficiently allege a causal connection between the specific policy and the disparate impact. *See Forsyth v. Univ. of Alabama*

*Bd. of Trustees*, 2018 WL 4517592, at *6 (N.D. Ala. Sept. 20, 2018). Therefore, in his amended complaint, Plaintiff should ensure that he has sufficiently pleaded a causal connection between the facially-neutral policy and the alleged disparate impact.

### IV.     Conclusion

Defendant's Partial Motion to Dismiss (Doc. # 5) is due to be granted, but Plaintiff will be permitted to replead his disparate impact claim.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this August 8, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE